# EXHIBIT A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

X ***Providence County***
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ ***Kent County***
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ ***Newport County***
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ ***Washington County***
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

ESTATE OF EDWARD BOUVIER by DAVID BOUVIER
**Plaintiff**

UNION FIDELITY, Alias
**Defendant**

CIVIL ACTION, FILE No. ..........................

## ***Summons***

*To the above-named Defendant:* Union Fidelity

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Anthony J. Gianfrancesco, Esq. Plaintiff's attorney, whose address is 155 South Main Street Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

A TRUE COPY ATTEST
Kenneth R. Norigian
Constable #0091

CLERK

Dated: June 23, 2008

(Seal of the Superior Court)

RECEIVED
JUL 03 2008
LEGAL DEPARTMENT

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

..........................................,SC

## PROOF OF SERVICE

I hereby certify that on the .......................................... day of ........................................................ I served a copy of this summons and a copy of the complaint received therewith upon ..........................................................................................
..................................................................................................................................................................
in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..........................................................
.........................................(Address)..........................................., with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ...............................................
.........................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................

Sheriff's Fees

Travel .......................... $..........................

Service ...................... $..........................

$..........................

..........................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ..........................................

SUMMONS

SUPERIOR COURT

Estate of Edward Bouvier by David Bouvier

VS

Union Fidelity, Alias

Anthony J. Gianfrancesco, Esq.
ATTORNEY FOR PLAINTIFF

PLEASE SERVE UPON:

Insurance Commissioner
Rhode Island Insurance Commission
233 Richmond Street
Providence, RI 02903

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, RI 02903 - 4233
TELEPHONE NO. (401) 222-2223

FAX No. (401) 222-5475
TDD No. (401) 222-2999

June 26, 2008

Union Fidelity Life Insurance Company
Mr. Glenn Joppa
500 Virginia Drive
Ft. Washington PA 19034

Dear Mr. Joppa:

Enclosed is a copy of a summons served upon me in the case of:

**Estate of Edward Bouvier by David Bouvier**

**vs**

**Union Fidelity, alias**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

Associate Director/Superintendent of Insurance

DMA
Enclosures

CERTIFIED MAIL

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, R.I. 02903-4233

CERTIFIED MAIL

91 7108 2133 3934 84

UNITED STATES POSTAGE
PITNEY BOWES
02 1M $ 03.12[0]
0004225471 JUL 01 2008
MAILED FROM ZIP CODE 02903

Union Fidelity Life Insurance Company
Mr. Glenn Joppa
500 Virginia Drive
Ft. Washington PA 19034

19034+2707

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**ESTATE OF EDWARD BOUVIER**
**BY DAVID BOUVIER**
*Plaintiff*

**v.**

**C.A. No.:**

**UNION FIDELITY, Alias**
*Defendant*

**COMPLAINT**

1. The Plaintiff, David Bouvier, was appointed by the Probate Court of the City of Pawtucket as Administrator of the Estate of Edward A. Bouvier on April 10, 2007 in Case No. 30119.

2. Plaintiff deceased Edward Bouvier purchased a Group Accidental and Dismemberment Coverage, issued by Union Fidelity, Cert. No. 30H 843326000.

3. Said Policy was in full force in effect on December 7, 2006.

4. Said Policy provided, inter alia, benefits for "accidental death."

5. On said date, Edward Bouvier was a pedestrian tragically and suddenly killed when struck by a motor vehicle.

6. Said insurance policy described above contained a sole accidental death benefit. By virtue of Edward Bouvier's death, Plaintiff is entitled to this benefit.

7. Plaintiff, by its administrator, David Bouvier, duly filed a claim for accidental death benefits as required by the policy described above.

8. The Defendant has wrongfully denied Plaintiff's request for accidental death benefits to which the Estate is entitled.

9. The Plaintiff has demanded said benefits from the Defendant and the Defendant has refused to pay the benefit due the Plaintiff under the aforementioned policy.

10. The Defendants' failure to pay the benefits due the Plaintiff is a breach of its obligation under the policy.

WHEREFORE, the Plaintiff, The Estate of Edward Bouvier, by its Administrator, David Bouvier, brother and beneficiary of the deceased, demands judgment against the Defendant, Union Fidelity, in an amount equal to the coverage provided by said plan, plus interest, costs, and attorney fees.

Plaintiff,
By its Attorney,

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903
(401) 331-1434

Plaintiff hereby demands a trial by jury.

Plaintiff,
By its Attorney,

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903
(401) 331-1434

June 24, 2008

**Union Fidelity**

*LIFE INSURANCE COMPANY*

**UNDERWRITTEN BY**
**Union Fidelity Life Insurance Company**
**(Herein called the Company)**
**Chicago, Illinois**
**Administrative Office: 500 Virginia Drive Fort Washington, Pennsylvania 19034**

A Stock Company

**1-0130 Cert.**

# Certificate of Insurance

## GROUP ACCIDENTAL DEATH AND DISMEMBERMENT COVERAGE

The Company has issued the Group Master Policy (herein called the Policy) to the Policyholder, as shown in the Certificate Schedule (herein called Schedule). Coverage is provided to you, the Insured, and any insured family members, subject to all the exclusions and provisions of the Policy. This Certificate is a description of the coverage provided under the Policy. In this Certificate the Insured and insured family members will be referred to as "you," "your," "yours," or "Covered Person." The Company will be referred to as "we," "our," or "us."

DUPLICATE

**30-DAY RIGHT TO EXAMINE CERTIFICATE**

Please read this Certificate. If you are not satisfied for any reason, return it to the Company within thirty (30) days of receipt. Any premium paid will be returned to you. Coverage shall be deemed void from the beginning.

**ELIGIBILITY**

All members of the Policyholder are eligible to apply for coverage under the Policy for themselves and for eligible family members.

"Eligible Family Members" means: (a) your spouse; and (b) your unmarried children under nineteen (19) years of age. It also includes your unmarried child who is: (a) a registered student in regular full-time attendance at an accredited secondary school, college or university and is under age twenty-three (23); or (b) not capable of self-sustaining employment by reason of mental or a physical handicap, and is chiefly dependent on you for support and maintenance. Coverage shall be extended for as long as such child is incapacitated and dependent.

An eligible family member not enrolled on the effective date of this Certificate may be added to this Certificate. Call or write us and we will add such family member beginning on the Monthly Anniversary Date (the day of the month this Certificate became effective) following receipt of such information and payment of any required premium. We will send you confirmation showing the effective date of such family member's coverage.

**BENEFITS**

If, while insured, a Covered Person sustains an Accidental Bodily Injury covered by this Certificate, which results in Accidental Death or Dismemberment, benefits are payable as shown in the Certificate Schedule.

All benefits will be paid to you, while you are alive. If you are not living, benefits will be paid to your spouse, if living; otherwise equally to your then living lawful children, if any; otherwise to your estate. But, you may choose any person you wish to receive benefits by filing written notice with us. This change will be effective upon receipt of such notice at our Administrative Office. It will be subject to any payment made by us or action taken by us before receipt.

**Accidental Bodily Injury** means only bodily injury sustained as a result of an accident which occurs while coverage is in force as to the Covered Person. The injury must result directly from that accident and independently from all other causes.

**Accidental Death** means death which results directly from an Accidental Bodily Injury and independently of all other causes and may not be caused by or contributed to by sickness or disease. Death must occur within one-hundred and twenty (120) days from the date of the Accidental Bodily Injury.

**Accidental Dismemberment** means any of the losses specified below, resulting directly from an Accidental Bodily Injury and independently of all other causes. The loss must occur within one-hundred-twenty (120) days from the date of the Accidental Bodily Injury. In the event of more than one loss as a result of any one accident, only the larger of the benefits will be paid.

| FOR LOSS OF: | BENEFIT |
|---|---|
| Any Two or More Members ........................ | The Accidental Death Benefit |
| Any One Member .................................... | One-Half the Accidental Death Benefit |

Member means a hand, a foot or the sight of one eye. Loss of hand or foot shall mean severance at or above the wrist or ankle joint, respectively. Loss of sight in eye shall mean the total permanent loss of sight.

DUPLICATE

Benefits will only be paid if an Accidental Bodily Injury is sustained as a result of one of the following types of accidents:

**TYPE A: Common Carrier Accident** means an Accidental Bodily Injury occurring while a Covered Person is a passenger on a public conveyance. The public conveyance must be provided and operated by a duly licensed common carrier for regular passenger service for fare-paying passengers by land, water or air.

**TYPE B: Motor Vehicle Accident** means an Accidental Bodily Injury occurring as a result of: (1) travel by or while occupying a passenger automobile; or (2) being struck, when a pedestrian, by a land motor vehicle; or (3) driving for hire a land motor vehicle.

**TYPE C: All Other Accidents** means an Accidental Bodily Injury sustained in a manner not covered under Type A or B, and not otherwise excluded.

## INDIVIDUAL EFFECTIVE DATE

Coverage is effective on the date shown on the Schedule.

**Newborn Children:** Any child born to any Covered Person while coverage is in force, will automatically be covered from the moment of birth until the thirty-first (31st) day following birth. Coverage can be continued thereafter, upon written request and payment of any required additional premium prior to expiration of the automatic coverage. Coverage for newborn children will be the same as that shown on the Schedule for children.

## INDIVIDUAL TERMINATION DATE

A Covered Person's coverage will terminate: (1) if the required premium is not paid when due, subject to the Grace Period Provision; (2) on the date the Policy is terminated; or (3) on the next Monthly Anniversary Date after the Covered Person ceases to qualify as an eligible member of the Policyholder or Eligible Family Member.

## EXCLUSIONS

Benefits will not be payable if death, accidental dismemberment or accidental bodily injury results directly or indirectly from any of the following causes.

1. insurrection or any act of war, declared or undeclared, or during military service (a pro rata refund of premium will be made for periods of active military duty);
2. intentional self-destruction, injury or suicide, while sane (however, suicide is no defense to the payment of benefits unless we can show that a Covered Person intended suicide at the date of Certificate enrollment);
3. the voluntary taking of any poison, alcohol, drug or sedative (unless prescribed or administered by a physician and taken in accordance with the instructions); or asphyxiation from voluntary inhalation of gas;
4. air travel, unless a Covered Person is a fare-paying passenger on a regularly scheduled flight;
5. an accident which was caused by disease or bodily infirmity or sickness of any kind; or,

6. committing or attempting to commit an assault or felony.

## GENERAL PROVISIONS

**ENTIRE CONTRACT; CHANGES:** The Policy, including any attachments, the application of the Policyholder (attached to and made a part of the Policy), and the enrollment form, if attached to this Certificate, constitute the entire contract of insurance. Any statement made on the application or enrollment form shall be deemed a representation and not a warranty. No change in the Policy shall be valid until approved in writing by an executive officer of the Company and unless such approval be endorsed hereon or attached hereto. No agent has authority to change the Policy or waive any of its provisions.

**TIME LIMIT ON CERTAIN DEFENSES:** After two (2) years from the effective date of coverage, no statements made in the enrollment form may be used to void coverage or deny any claim for loss incurred after the two (2) year period.

**PREMIUM RATES:** We have the right to change the premium rates for any class of person covered under the Policy on any premium due date. We will give written notice to the Policyholder at least thirty-one (31) days in advance of any such change in rates.

**PAYMENT OF PREMIUMS:** Premiums are payable at our Administrative Office. Each premium, after the first premium, is payable in advance on or before its due date. The due date means the date a premium is due to maintain coverage, exclusive of the grace period. Premiums may be paid monthly, quarterly, semi-annual or annual intervals from the effective date. Failure to pay any premium, after the first premium, on or before its due date shall constitute default in payment of premium as of the due date.

**CREDIT CARD PAYMENT:** If you reside in a jurisdiction where credit card payment is allowed, our receipt of your credit card billing authorization will be considered receipt of payment, subject to credit card verification and acceptance. As long as your credit card remains in effect, premiums will be billed through your credit card. If you elect to cancel this Certificate, you must give us thirty (30) days notice so that we can stop your credit card billing. If any refund is due you, the refund will be credited to your credit card account. If a credit card charge is not accepted, it will be considered the same as non-payment of the premium.

DUPLICATE

**GRACE PERIOD:** There is a grace period of thirty-one (31) days following the due date to pay each premium. During the grace period, coverage will remain in force. If a premium in default is not paid during the grace period, coverage will terminate.

**REINSTATEMENT:** If you allow coverage to terminate you may apply for reinstatement. Coverage will be reinstated upon our approval of your application or upon the forty-fifth (45th) day after the date of written application to us if we have issued a receipt for the premium tendered and unless we have previously notified you in writing of our disapproval. Coverage will also be reinstated if we accept and withhold your premium without requiring a written application for reinstatement. The reinstated coverage will cover only loss that results from an Accidental Bodily Injury sustained after the date of reinstatement. In all other respects, coverage will be the same as that in effect immediately before the due date of the defaulted premium (subject to any provisions endorsed to coverage in connection with the reinstatement).

**NOTICE OF CLAIM:** Written notice of claim must be given to us within sixty (60) days after the occurrence or commencement of any covered loss or as soon thereafter as is reasonably possible. Notice given by you or on your behalf at our Administrative Office with information sufficient to identify the Insured shall be deemed notice to us.

**CLAIM FORMS:** When we receive a notice of claim, we will furnish claim forms for filing proof of loss. If the forms are not furnished within fifteen (15) days, you will be deemed to have complied with the requirements regarding proof of loss if you submit, within the time fixed below, written proof covering the occurrence, character, and the extent of the loss for which claim is made.

**PROOF OF LOSS:** Written proof of loss must be given to us at our Administrative Office within ninety (90) days after the date of loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within that time. Proof must be given as soon as reasonably possible and in no event, except on the absence of legal capacity, later than one year from the time proof is otherwise required.

**PAYMENT OF CLAIMS:** All benefits will be paid as soon as we receive satisfactory proof of loss. The accidental death benefit will be payable in accordance with the beneficiary designation, if any, subject to the rights of any assignee of record.

If any benefit is payable to your estate, we may pay benefits, not exceeding $2,000, to any relative by blood or marriage we deem to be entitled to them. Any payment made by us in good faith pursuant to this provision shall fully discharge us to the extent of such payment.

**PHYSICAL EXAMINATION AND AUTOPSY:** At our expense we shall have the right to: (a) require a Covered Person to undergo a physical examination when and as often as we may reasonably require during the pendency of a claim; and (b) to make an autopsy in case of death where not forbidden by law.

**LEGAL ACTION:** No action at law or in equity shall be brought to recover on the Policy prior to the expiration of sixty (60) days after written proof of loss has been furnished. No such action shall be brought after the expiration of three (3) years after the time written proof of loss is required to be furnished.

DUPLICATE

**OTHER INSURANCE LIMITATION:** No Covered Person may have more than one Certificate which provides benefits for Accidental Death and Dismemberment issued under this Policy. If there is more than one Certificate, only one Certificate will be effective and the excess insurance will be void. All premiums paid for such excess insurance will be returned.

In Witness Whereof, we have caused this Certificate to be signed by our President and Secretary.

President

Secretary

FIRST CARD GROUP INSURANCE
GROUP POLICY NUMBER: A90130

CERTIFICATE: 30-H843326000
Group: First Card
EFFECTIVE DATE: 03/01/1996

MONTHLY PREMIUM: $7.50

INSURED: Edward A Bouvier

Individual Plan

| BENEFIT AMOUNT FOR ACCIDENTAL DEATH BY: | Insured's Coverage |
|---|---|
| COMMON CARRIER | $200,000 |
| MOTOR VEHICLE/PEDESTRIAN | $100,000 |
| ALL OTHER ACCIDENTS | $ 20,000 |

ON YOUR 75TH BIRTHDAY, THE ABOVE ACCIDENTAL DEATH BENEFITS WILL BE REDUCED BY 50%.

*UNDER FAMILY PROTECTION AT THE TIME OF LOSS: IF THERE IS NO SPOUSE INSURED AT THE TIME OF ACCIDENT THE DEATH/DISMEMBERMENT COVERAGE AMOUNT, EXCEPT FOR COMMON CARRIER (TYPE A) ACCIDENTS FOR EACH CHILD IS INCREASED 25%, TO A MAXIMUM OF $5,000 FOR MOTOR LAND VEHICLE (TYPE B) AND ALL OTHER (TYPE C) ACCIDENTS.

IF THERE IS NO CHILD INSURED AT THE TIME OF ACCIDENT THE SPOUSE'S DEATH/DISMEMBERMENT COVERAGE AMOUNT, EXCEPT FOR COMMON CARRIER (TYPE A) ACCIDENTS, IS INCREASED 20%.

IF NO SPOUSE OR CHILDREN REMAIN INSURED THE MAIN INSURED MUST NOTIFY THE COMPANY IMMEDIATELY.

FORM 1-0130