UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ESTATE OF EDWARD BOUVIER by DAVID BOUVIER, :
v. : C.A. No. 08-275-ML
UNION FIDELITY LIFE INSURANCE COMPANY. :

DEFENDANT'S ANSWER

Defendant Union Fidelity Life Insurance Company ("Union Fidelity") answers Plaintiff's Complaint as follows:

1. Union Fidelity lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Union Fidelity admits the allegations in paragraph 2 of the Complaint.

3. Union Fidelity admits the allegations in paragraph 3 of the Complaint.

4. Union Fidelity admits that the policy prescribes the terms and conditions under which benefits for a death will be payable, as well as the exclusions under which benefits will not be payable.

5. Upon information and belief, Union Fidelity admits only that Edward Bouvier suffered injuries on or about December 7, 2006 when he crossed a roadway as a pedestrian and collided with a motor vehicle, but it denies the remaining allegations in paragraph 5 of the Complaint.

6. Union Fidelity admits that the policy prescribes the terms and conditions under which benefits for a death will be paid, as well as the exclusions under which benefits will not be

payable. Union Fidelity denies that Plaintiff is entitled to benefits under the policy by virtue of Edward Bouvier's death.

7. In response to paragraph 7 of the Complaint, Union Fidelity states that the claim was filed initially by the deceased's brother-in-law, Dennis Preato, and that David Bouvier on behalf of the Estate later became involved with the claim.

8. Union Fidelity denies the allegations in paragraph 8 of the Complaint.

9. Union Fidelity admits that it has refused to pay the benefits as demanded by Plaintiff, but it denies that such benefits are, in any respect, due to Plaintiff.

10. Union Fidelity denies the allegations in paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Group Accidental Death and Dismemberment Coverage prescribes expressly and unambiguously that benefits will not be payable if a death results directly or indirectly from certain delineated causes, including the voluntary taking of alcohol.

### Second Affirmative Defense

At the time of the traffic incident at issue, the insured had a blood alcohol level that was approximately three times the legal limit. Accordingly, Plaintiff's claim was properly denied because the insured's death was directly or indirectly caused by his voluntary taking of alcohol.

WHEREFORE, Union Fidelity respectfully prays that this Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees, costs and all other appropriate relief to Union Fidelity upon the dismissal of this action.

UNION FIDELITY LIFE INSURANCE COMPANY

By its Attorneys,

/s/ Steven M. Richard

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
srichard@nixonpeabody.com

Dated: July 29, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2008, a copy of Defendant's Answer was filed through the Court's CM/ECF system and served electronically upon the following counsel of record for Plaintiff:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903

/s/ Steven M. Richard